**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Majid Biglari, | No. CV-15-01525-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Robert E. Halligan, | |
| Defendant. | |

For the reasons that follow, this action will be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and failure to comply with court orders.  As a result, Defendant's Motion to Dismiss (Doc. 4) will be denied as moot.

## I.    BACKGROUND

Plaintiff and Defendant are employees of the Phoenix VA Health Care System. On July 16, 2015, Plaintiff filed a petition in state Justice Court seeking an injunction against Defendant for alleged harassment, including threats of violence, pursuant to A.R.S. § 12-1809.   Later that day the Justice Court entered an injunction ordering Defendant to stay away from Plaintiff's residence and workplace.  Plaintiff's place of work is the same as Defendant's place of work, so the injunction effectively ordered Defendant off his job.  The Justice Court entered the injunction without giving Defendant notice or an opportunity to be heard and without explaining why no notice or opportunity

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

for hearing was given.  On August 6, Defendant removed the proceeding to this Court.

On August 7, this Court ordered Plaintiff to show cause at a hearing on August 12 why the injunction should not be vacated as "legally deficient on the pleadings."  (Doc. 3 at 3.)  The Court observed that "the *ex parte* injunction was entered without satisfaction of all the requirements of the Arizona statute" and apparently deprived Defendant of "due process of law."  (*Id.* at 1-2.)  Specifically, the Court noted that (1) Plaintiff's petition failed to describe the alleged harassment with the specificity required by A.R.S. §§ 12-1809(C)(3) and 12-1809(S), (2) the Justice Court failed to identify any efforts made by Plaintiff to give advance notice to Defendant or reasons why such notice should not have been given, as required by A.R.S. § 12-1809(E), and (3) the injunction deprived Defendant of his employment without providing him notice or opportunity to be heard and without explaining this lack of notice and opportunity for hearing, in apparent violation of the Fourteenth Amendment Due Process Clause.  (*Id.* at 1-2.)

On August 10, Defendant moved to vacate the injunction and dismiss the case for lack of subject-matter jurisdiction.  (Doc. 4.)

On August 12, Plaintiff failed to appear at the show cause hearing as ordered.  As a result, the Court issued an order later that day vacating the injunction in light of the deficiencies previously noted.  (Doc. 6 at 1-2.)  The order further stated "it appears the deficiencies cannot be cured by an amended pleading" and "Plaintiff will be given an opportunity to amend his complaint, failing which this action will be terminated."  (*Id.* at 2.)  Accordingly, the Court ordered that "by August 27, 2015, Plaintiff either (1) show cause why this action should not be dismissed with prejudice for failure to state a claim upon which relief can be granted or (2) file an amended complaint that does state a claim upon which relief can be granted."  (*Id.* at 2-3.)

To date, Plaintiff has filed nothing in response to the Court's August 12 order, Defendant's motion to dismiss, or anything else in this case.

- 2 -

## II.    ANALYSIS

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for plaintiff's failure to prosecute or failure to comply with a court order.  *See, e.g.*, *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss *sua sponte* under Rule 41(b)).  In determining whether to dismiss, courts must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Here, all these factors weigh in favor of dismissal.

### A.    Public's interest in expeditious resolution of litigation

Approximately seven months have passed since Defendant's motion to dismiss (Doc. 4) and the Court's order that Plaintiff either show cause why this action should not be dismissed or file an amended complaint (Doc. 6).  Plaintiff has not responded to the motion or the order.  Nor did Plaintiff appear at the August 12 hearing as required by the Court's initial order to show cause (Doc. 3).  Plaintiff's complete lack of involvement in this case belies any hope that continued proceedings would lead to an expeditious resolution.  The public's interest in expeditious resolution strongly favors dismissal.

### B.    Court's need to manage its docket

The Court's August 12 order gave a specific deadline by which Plaintiff must either show cause why this action should not be dismissed or file an amended complaint: August 27, 2015.  (Doc. 6 at 2-3.)  That deadline has long passed.  Courts must be able to enforce their deadlines.  In addition, Plaintiff's total radio silence since this case was removed indicates he has abandoned his claim.  Any further time spent on this case would use precious judicial resources that would be better spent on active cases.  The Court's need to manage its docket strongly favors dismissal.

### C.    Risk of prejudice to the defendant

Defendant remains the subject of an action in federal court even though Plaintiff

has demonstrated no desire to pursue the action.  It would be unduly prejudicial to allow this action to linger in perpetuity, especially since Plaintiff has offered no justification for the delay.  The risk of prejudice favors dismissal.

### D.     Public policy favoring disposition of cases on their merits

Disposing of this case "on the merits" would involve evaluating the injunction entered by the Justice Court.  That has already been done.  This Court ordered a show cause hearing precisely because the injunction was entered "without satisfaction of all the requirements of the Arizona statute" and in apparent "violation of the Fourteenth Amendment."  (Doc. 3 at 1-2.)  When Plaintiff did not appear, the Court vacated the injunction for those reasons.  (Doc. 6 at 1-2.)  Thus, the "merits" of this case have, in a sense, already been reached.  The reason the case was not dismissed sooner is that the Court exercised leniency in allowing Plaintiff either to show cause why the action should not be dismissed or to amend his claim.  That leniency has reached its end.

In addition, now that the injunction is vacated and Plaintiff has not petitioned the Court for any further relief, there is no clear controversy remaining.  The policy favoring disposition on the merits, though usually weighing against dismissal, favors dismissal here.

### E.     Availability of less drastic alternatives

The Court has already offered alternatives to dismissal.  In its initial order noting the injunction's deficiencies, the Court, instead of dismissing, set a show cause hearing.  (Doc. 3.)  Plaintiff failed to appear.  After vacating the injunction, the Court, instead of dismissing, allowed Plaintiff either to show cause why the action should not be dismissed or to amend his claim.  (Doc. 6.)  The Court specifically warned that the "action will be terminated" if he did not respond.  (*Id.* at 2.)  Plaintiff did not respond.  Thus, Plaintiff has repeatedly shown less drastic alternatives to be ineffective.

The Court has considered the alternative of ruling on Defendant's motion to dismiss for lack of jurisdiction (Doc. 4) instead of dismissing for failure to prosecute and

failure to comply with court orders.  Dismissing for lack of jurisdiction would be a less drastic alternative because it would not operate as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b).

The problem with this alternative is that Defendant's motion is unconvincing. First, the motion's discussion of federal preemption is incomplete and largely misplaced. This is an action for an injunction against alleged workplace harassment and threats of future violence.  It is not an action for damages against a federal employee, as might be preempted by the Federal Tort Claims Act.  *See* 28 U.S.C. § 2679(b)(1) (protecting federal employees from "any other civil action or proceeding for money damages").[1]  The motion does not clearly identify any alternative federal remedy that a threatened or injured federal worker may invoke for protection in these circumstances.  Second, the motion's discussion of state power over the federal government is inapposite.  Cases rejecting state court subpoena authority over federal employees for documents or testimony have nothing to do with the facts of this case.  Third, the motion's discussion of sovereign immunity is perfunctory.  The motion does not discuss any statute or case that gives a federal employee immunity from injunctive restraint against a co-worker's threats or future acts of violence.  Such restraint would not intrude into the employee's federal policy-making authority.

This is not to say Defendant's motion is incorrect.  Rather, the motion's limited analysis and superficial citations to authority—confined to three pages—simply does not justify its broad conclusion that this entire case was beyond the state court's subject-

---

[1] Defendant cites two instances in which a court interpreted the Federal Tort Claims Act as preempting an injunction against harassment.  *See Gonzales v. Mills*, No. CV-11-08020-PCT-NVW, 2011 WL 1379525 (D. Ariz. 2011); *Dunn v. Markgraf*, No. CV-07-08117-PHX-FJM, Doc. 9 (D. Ariz. 2007) (unpublished).  These are unpersuasive. In both instances the court cited 28 U.S.C. § 2679(b)(1) in passing, without noting its explicit limitation to preemption of proceedings against federal employees for "money damages."  And the injunction in *Gonzales* arose from a dispute with respect to personnel management, not a threat of violence.

matter jurisdiction.  The Court is not obligated to find authorities and analysis where Defendant has not.

Ordinarily, the Court would deny Defendant's motion without prejudice to a revised motion with more thorough analysis and discussion of authorities.  Here, however, Plaintiff has consistently failed to prosecute and failed to comply with court orders.  Therefore, dismissal under Rule 41(b) is preferable to inviting a revised motion on jurisdiction and imposing more work on Defendant and the Court without any foreseeable benefit for Plaintiff.  The fact that subject-matter jurisdiction is not yet resolved does not preclude dismissal under Rule 41(b) because courts must be able to sanction non-compliance with their orders at any time in the proceedings, even before jurisdiction is found.

Thus, the non-availability of suitable, less drastic alternatives favors dismissal here.

IT IS THEREFORE ORDERED dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and failure to comply with court orders, and the Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED denying Defendant's Motion to Dismiss (Doc. 4) as moot.

The Clerk shall terminate this case.

Dated: March 11, 2016.

Neil V. Wake
United States District Judge

- 6 -